**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA : 
 : 
v. : CRIMINAL NO.  94-127-04
 : 
SALVATORE SPARACIO : 

**MEMORANDUM AND ORDER**

BUCKWALTER, S. J.                                                              March 19, 2008

Petitioner has filed a motion under 18 U.S.C. § 3582(c)(2) which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

It is petitioner's position that "retroactive sentencing guideline Amendment #591... directs the district court to apply the guideline applicable to the 'offense of conviction'."

The problem with petitioner's argument is that Amendment 591 does not bar the court in this case from applying U.S.S.G. § 2A1.1 to his racketeering murder conspiracy conviction (18 U.S.C. § 1962 (c)(2)).  The thorough analysis of Amendment  591 in United States v. Diaz, 245 F.3d 294, 301-303 (3d Cir. 2001) leads to the conclusion that now, the court must apply the offense guideline referenced in the statutory index for the statute of conviction, which is what was done in petitioner's case.

Finding no legal basis to petitioner's motion, the following ORDER is entered:

**AND NOW**, this 19th day of March, 2008, it is hereby **ORDERED** that

petitioner's motion under 18 U.S.C. § 3582(c)(2) to modify sentence (Docket No. 1930) is

**DENIED**.

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.

2